# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. |
| | : | 7:06-CV-51 (HL) |
| **$172,760 IN UNITED STATES CURRENCY, MORE OR LESS,** | : | |
| **Defendant Property,** | : | |
| **GREGORY BERNARD POWELL,** | : | |
| **Claimant.** | : | |

## ORDER

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Doc. 14), in which Plaintiff asks for leave to file an amended complaint alleging an alternative theory of forfeiture. As explained herein, Plaintiff's Motion is denied.

## I. PROCEDURAL HISTORY

Plaintiff initiated this forfeiture action against Defendant Property by filing a Complaint on June 30, 2006. Claimant Gregory Powell subsequently filed a Verified Claim and Answer on August 3, 2006. As ordered by the Court, the parties submitted a Proposed Scheduling and Discovery Order, which was approved by the Court on October 3, 2006. The Scheduling and Discovery Order set the deadline to join other parties and to amend pleadings at October 27, 2006, and provided the discovery period would end on March 1, 2007. After conducting Claimant Powell's deposition, on November 28, 2006, Plaintiff allegedly discovered an alternative basis for forfeiture. The pending Motion, filed February 16, 2007, seeks permission to amend the Complaint to allege the alternative basis.

## II. ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Despite this broad requirement, undue delay, undue prejudice to defendants, and futility of the amendment are sufficient to justify denying a motion to amend. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1952). According to Plaintiff, the information necessary to make a good faith allegation of the alternative theory was not known until Claimant Powell was deposed on November 28, 2006. While this assertion explains Plaintiff's failure to file its Motion for Leave to Amend in conformity with the Scheduling and Discovery Order, it does not explain the almost three-month delay between Claimant's deposition and the filing of the pending Motion. As a result of this unexplained delay, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 14) is denied.

**SO ORDERED**, this the 5th day of April, 2007.

/s/ Hugh Lawson  
**HUGH LAWSON, Judge**

scs