**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 7:06-CV-51-HL |
| **$172,760.00 IN UNITED STATES FUNDS,** | : | |
| Defendant Property, | : | |
| **GREGORY BERNARD POWELL,** | : | |
| Claimant. | : | |

# ORDER

Before the Court is Claimant Gregory Bernard Powell's Motion for Summary Judgment (Doc. 22). For the following reasons, Claimant's Motion for Summary Judgment is denied.

## I. FACTS AND PROCEDURAL HISTORY

### A. Factual Background

On January 9, 2006, Claimant Powell left a residence in Lakeland, Lanier County, Georgia that was under surveillance by law enforcement officers due to suspected illegal drug activity at the residence. After leaving the residence, Claimant Powell, who was driving a silver Pontiac Grand Am, was stopped by Deputy Timothy King, a Lanier County Sheriff's

1

Deputy, for failing to use a right turn signal while making a right turn. Claimant Powell was issued a citation for making an improper right turn, and Deputy King requested that he exit his vehicle. Deputy King then asked Claimant Powell whether his vehicle contained any guns, drugs, or large sums of cash. Claimant Powell denied possessing such items in his vehicle and allegedly refused to give Deputy King consent to search his vehicle. The Government contends that Claimant Powell did give consent to search his vehicle. A subsequent search of Claimant Powell's vehicle resulted in the discovery of $172,760 in cash located in the vehicle's console. That cash is the subject of this forfeiture proceeding.

### B. Procedural Facts

On June 30, 2006, the Government filed a Verified Complaint for Forfeiture (Doc. 1) alleging that the money found in Claimant Powell's vehicle was subject to forfeiture under 21 U.S.C. § 881(a)(6) because it constituted money furnished or intended to be furnished in exchange for a controlled substance. On April 17, 2007, Claimant Powell filed a Motion for Summary Judgment on the ground that he is entitled to a return of the money found in the search of his vehicle because the money was seized pursuant to an illegal search.

## II. DISCUSSION

### A. Motion for Summary Judgment

#### 1. Standard of Review

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment

as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254-55. The Court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law. Id. at 324-26. This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Under this scheme summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**2. Analysis**

Evidence obtained in the course of a search that violates the Fourth Amendment is inadmissible in a civil forfeiture proceeding. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 702 (1965). However, it is well-established that an illegally seized asset can still be the subject of a civil forfeiture proceeding if the Government can meet its burden of proof with untainted evidence. See, e.g., United States v. Monkey, 725 F.2d 1007, 1012 (5th Cir. 1984); United States v. Eighty-Eight Thousand, Five Hundred Dollars, 671 F.2d 293, 297-98 (8th Cir. 1982); United States v. One 1975 Pontiac Lemans, 621 F.2d 444, 450-51 (1st Cir. 1980); United States v. $8,880 in U.S. Currency, 945 F. Supp. 521, 524 (W.D.N.Y. 1996); United States v. $144,600, U.S. Currency, 757 F. Supp. 1342, 1345 (M.D. Fla. 1991).

Here, Claimant Powell has filed a motion for summary judgment on the ground that the money was seized from his car in violation of the Fourth Amendment because the police did not have reasonable suspicion or probable cause to stop and search his vehicle. In essence, Claimant Powell asserts that an illegally seized asset cannot be claimed by the Government in a civil forfeiture proceeding. As stated above, however, it is well-established that an illegally seized asset can be claimed by the Government in a civil forfeiture proceeding. See, e.g., $144,600, U.S. Currency, 757 F. Supp. at 1345 ("[T]he the fact that property was seized in violation of the Fourth Amendment will not immunize it from forfeiture."). As a result, this Court need not address the legality of the search and seizure at issue in this case because even if the currency was illegally seized, the proper remedy would be suppression of the currency as evidence, not a dismissal of the forfeiture action;

4

Claimant Powell, however, has not filed a motion to suppress.[1]

## III. CONCLUSION

For the foregoing reasons, Claimant's Motion for Summary Judgment is denied.


SO ORDERED, this the 27th day of November, 2007.


                                          */s/ Hugh Lawson*
                                          **HUGH LAWSON, Judge**

dhc

---

[1] In his reply brief, Claimant Powell has requested that the Court also treat his motion for summary judgment as a motion to suppress. This Court declines to do so. The standards in a motion for summary judgment and a motion to suppress are quite different. Most notably, at the summary judgment stage, the burden is on the moving party to establish the absence of a genuine issue of material fact. On the other hand, when a party has filed a motion to suppress evidence obtained through a warrantless search and seizure, the Government bears the burden of proof as to the reasonableness of the search. See United States v. Freire, 710 F.2d 1515, 1519 (11th Cir. 1983). If Claimant Powell wants to challenge the legality of the seizure of the currency, he should file a motion to suppress. At that point, the Government will have the opportunity to respond by presenting evidence at a hearing.