# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-CV-51-HL |
| $172,760.00 IN UNITED STATES FUNDS, | : | |
| Defendant Property, | : | |
| GREGORY BERNARD POWELL, | : | |
| Claimant. | : | |

# **ORDER**

Before the Court is Claimant's motion to compel (Doc. 24), in which Claimant asks (1) that his requests for admissions be deemed admitted by operation of law because counsel for the Government did not timely respond to Claimant Powell's requests for admissions; (2) that the Government be ordered to respond to certain interrogatories that the Government has objected to; (3) that the Government be ordered to fully respond to Claimant's request for production of documents; and (4) that the Court award to Claimant reasonable expenses and attorney's fees that he has incurred in connection with his efforts to obtain discovery

1

responses and in filing this motion to compel. The Court will address these issues in turn.[1]

## I. Requests to Admit

A matter is deemed admitted unless the party to whom a request to admit is directed responds within thirty (30) days. See FED. R. CIV. P. 36. The time to respond, however, can be extended by stipulation of the parties.. Here, the Government originally had until November 4, 2006, to respond to Claimant's requests for admissions. On November 2, 2006, two days before the Government's deadline to respond, Claimant's counsel received a letter from Government's counsel stating that the discovery responses would be late, but that the Government would respond by the end of the month. This Court doubts that this letter constitutes the type of stipulation contemplated by Rule 36. Nonetheless, even assuming that this letter constituted a stipulation extending the Government's time to respond to Claimant's requests for admissions, the date to respond would have only been extended to the end of November. The Government, however, did not respond to Claimant's requests for admissions until the beginning of January 2007. As a result, all of Claimant's requests for admissions, except for request to admit number 9, are deemed admitted because the Government failed to timely respond. Request number 9 is not deemed admitted because it seeks a legal conclusion, which is improper under Rule 36. See e.g., Perez v. Miami-Dade County, 297 F.3d 1255, 1260 n.12 (11th Cir. 2002).

## II. Interrogatories

---

[1] This Order follows a hearing that this Court held on Claimant's motion to compel on December 19, 2007.

The Government objects to eight of Claimant's interrogatories. The Government objects to interrogatories number 4, number 5, number 6, and number 14 on the ground that they are overly broad and not limited to discoverable material. Interrogatory number 4 asks: "Describe in detail any and all investigations by Plaintiff (or its agents) present or past, of Eric Camon, Isaac Lee Camon, L.D. Camon, Camon Drug Trafficking Organization, Tyrone Frederick Calhoun, and all other persons Plaintiff believes to be involved with the aforementioned persons and organization and drug trafficking." (Claimant's Mot. Compel Ex. A. at 3). Interrogatory number 5 asks: "Describe in detail any and all investigations conducted by other law enforcement agencies (state/or federal), whether present or past, involving Eric Camon, Isaac Lee Camon, L.D. Camon, Tyrone Frederick Calhoun, Camon Drug Trafficking Organization, and other individuals who Plaintiff believes to be involved with the aforementioned presons and organization and drug trafficking." (Id.). Interrogatory number 6 asks: "Describe in detail any and all investigations by Plaintiff (or its agents), whether present or past, of Powell including the date(s), purpose and findings of such investigations." (Id. at 4). Interrogatory number 14 asks: "Identify in detail all search warrants obtained and/or executed by any and all law enforcement (state or federal), whether present or past, as it relates to Powell, Eric C. Camon, Isaac Lee Camon, L.D. Camon, members of the Camon Drug Trafficking Organization, Tyrone Frederick Calhoun and all others Plaintiff believes are connected to said individuals and organization." (Id. at 5).

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

3

FED. R. CIV. P. 26(b)(1). For purposes of discovery, "[r]elevant information need to be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. In this civil forfeiture proceeding, the Government must prove by a preponderance of the evidence that the currency seized from Claimant constitutes money furnished in exchange for a controlled substance or the proceeds of such an exchange. See 18 U.S.C.A. § 983(c) (West Supp. 2007); 21 U.S.C.A. § 881(a)(6) (West Supp. 2007). Interrogatories number 4, number 5, and number 14 directly relate to the Government's claim that the seized currency is connected to illegal drug activity involving the Camon family and the so-called Camon Drug Trafficking Organization. Interrogatory number 6 simply seeks information about law enforcement investigations of Claimant. The results of any investigations the Government has conducted of Claimant are certainly relevant to the Government's claim that the money seized from claimant is connected to illegal drug activity. For these reasons, the Government's objections to interrogatories number 4, number 5, number 6, and number 14 are overruled..

The Government has also objected to interrogatory number 8 on the ground that it seeks the disclosure of wiretap information that is not discoverable. At the hearing on this motion to compel, however, the Government informed the Court that there were no wiretaps in this case. As a result, the Government's objection is moot.

In addition, the Government has objected to interrogatories number 9 and number 10 because they seek the identity of any alleged confidential informants who may have provided information to law enforcement officials regarding Claimant. Based on representations the

Government made in the hearing on this motion to compel, Claimant's counsel has stated that it has no need for this information. As a result, the Government's objection is sustained.

## III. Request for Production of Documents

Last, Claimant contends that the Government has not adequately responded to his request for production of documents. Specifically, Claimant contends that the Government has not responded to request to produce number 7, which seeks the production of certain handwritten logs made by the Lanier County Sheriff's Office. Government's counsel has informed the Court that it misunderstood Claimant's request, but that he now understands the documents Claimant is seeking and will provide them to Claimant if they exist.

The Government has also failed to produce certain documents in response to request to produce number 8, which seeks copies of search warrants, affidavits, and returns involving Claimant and other individuals alleged to be involved in the so-called Camon Drug Trafficking Organization. The Government has provided the search warrants involving Claimant, but it has not provided them for the other individuals mentioned in request to produce number 8. For the reasons stated earlier in ths Order and at the hearing on this motion, evidence regarding these individuals is relevant to this case, and therefore, these documents are discoverable and most be produced to Claimant.

## IV. Claimant's Request for Attorney's Fees

Claimant Powell has requested attorney's fees. At this stage, the Court will reserve ruling on this request.

## V. Conclusion

Having determined that certain of the Government's objections are without merit, the Government shall have until January 11, 2008, to provide to Claimant all of the information that this Court has concluded is discoverable.

**SO ORDERED**, this the   20th   day of December, 2007.

                                            /s/ Hugh Lawson
                                            **HUGH LAWSON, Judge**

dhc